Kirk D. Miller, WSBA No. 40025
*Kirk D. Miller, P.S.*
421 W. Riverside Ave., Ste. 660
Spokane, WA  99201
(509) 413-1494 Telephone
(509) 413-1724 Facsimile

Shayne J. Sutherland, WSBA No. 44593
Brian G. Cameron, WSBA No. 44905
*Cameron Sutherland, PLLC*
421 W. Riverside Ave., Ste. 660
Spokane, WA  99201
(509) 315-4507 Telephone
(509) 315-4585 Facsimile

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANDREW WEISS,<br><br>       Plaintiff,<br><br>   vs.<br><br>CAVALRY SPV I, LLC, a Delaware limited liability company,<br><br>       Defendant. | Case No.:<br><br>COMPLAINT FOR DAMAGES<br><br>JURY DEMANDED |

## I.    INTRODUCTION

Plaintiff Andrew Weiss ("Plaintiff"), a Washington resident, brings this action by and through his undersigned counsel, against Defendant Cavalry SPV I, LLC, ("Defendant Cavalry"), and alleges the following:

////

COMPLAINT - 1

## II.    JURISDICTION AND VENUE

2.1    Jurisdiction of this Court arises under 15 U.S.C. § 1692k (d), 28 U.S.C. § 1337 and 28 U.S.C. § 1331. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2.2    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1291(b)(2).

## III.    NATURE OF THE ACTION

3.1    Plaintiff brings this action for damages for Defendant Cavalry's actions of using unfair and unconscionable means to collect a debt.

3.2    Defendant Cavalry's actions violated § 1692 *et seq*. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collection Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

3.3    Plaintiff is seeking damages, declaratory, and injunctive relief.

## IV.    PARTIES

4.1    Plaintiff is a natural person, a resident of Washington State, and is a "Consumer" as defined by 15 U.S.C. § 1692(a)(3).

4.2    Defendant Cavalry is a "debt collector," as defined by 15 U.S.C. § 1692a(6).

COMPLAINT - 2

4.3    All acts done by Defendant Cavalry were done on its own behalf.

4.4    Defendant Cavalry is a Delaware limited liability company engaged in the business of collecting debts in Washington State.

4.5    Defendant Cavalry's headquarters are located at 500 Summit Lake Dr. #400, Valhalla, NY, 10595.

4.6    Defendant Cavalry is a "collection agency," as defined by RCW 19.16.100(4)(d).

## V.    ALLEGATIONS OF FACT

5.1    Sometime prior to February 2013, Plaintiff allegedly incurred an obligation to Capitol One Bank

5.2    The Capitol One Bank obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family, or household purposes.

5.3    The alleged Capitol One Bank obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

5.4    On or about February 14, 2013, Plaintiff's alleged Capitol One Bank debt was sold to Defendant Cavalry.

5.5    In December 2015, Defendant Cavalry sued Plaintiff in the Spokane County Superior Court.

COMPLAINT - 3

5.6    In January 2016, Defendant Cavalry obtained a default judgment against Plaintiff.

5.7    In September 2018, Defendant Cavalry obtained a writ of garnishment against Plaintiff's financial institution.

5.8    In April 2019, Defendant Cavalry obtained a another writ of garnishment against Plaintiff's financial institution.

5.9    At or about the same date that the writ of garnishments were sent to the Plaintiff's financial institution, Defendant Cavalry, through its counsel, also sent an exemption claim form to the Plaintiff.

5.10    The exemption claim form sent to Plaintiff is a "communication" under 15 U.S.C. § 1692a(2).

5.11    RCW 6.27.130 requires that an exemption claim form be served or mailed to the judgment debtor.

5.12    The exemption claim form found at RCW 6.27.140 is a mandatory form that must be printed or typed in no smaller than size twelve-point font and contain the statutorily-required contents.

5.13    The RCW 6.27.140 exemption claim form contains check boxes for claiming specific exemptions for money in a financial institution, including the following:

COMPLAINT - 4

IF BANK ACCOUNT IS
GARNISHED:

[ ] The account contains payments
from:

[ ] Temporary assistance for needy
families, SSI, or other public
assistance. I receive $ . . . . .
monthly.

[ ] Social Security. I receive $ . . . . .
monthly.

[ ] Veterans' Benefits. I receive
$ . . . . . monthly.

[ ] Federally qualified pension, such as
a state or federal pension,
individual retirement account
(IRA), or 401K plan. I receive
$ . . . . . monthly.

[ ] Unemployment Compensation. I
receive $ . . . . . monthly.

[ ] Child support. I receive $ . . . . .
monthly.

[ ] Other. Explain . . . .

[ ] $2,500 exemption for private
student loan debts.

[ ] $500 exemption for all other debts.

IF EXEMPTION IN BANK
ACCOUNT IS CLAIMED, ANSWER
ONE OR BOTH OF THE
FOLLOWING:

[ ] No money other than from above
payments are in the account.

[ ] Moneys in addition to the above
payments have been deposited in
the account. Explain . . . .

COMPLAINT - 5

5.14    Defendant Cavalry removed two of the exemptions from the exemption claim form.

5.15    The removed exemptions are those which allow for: 1) exemption of $2500 in student loan money; and 2) the $500 cash exemption.

5.16    Defendant Cavalry's removal of these exemptions was intentional and systematic.

5.17    Defendant Cavalry has sent out at least hundreds of exemption claim forms to Washington residents with the aforementioned exemptions removed.

5.18    Defendant Cavalry's removal of the exemptions from the checkbox list makes it more difficult for judgment debtors to claim exemptions.

5.19    Removing the exemptions that may be claimed by checking a box may influence how and whether a consumer will respond to a garnishment.

## VI.    FIRST CAUSE OF ACTION
### Violations of the Fair Debt Collection Practices
### Act 15 U.S.C. §§ 1692e and 1692f, *et seq.*

6.1    Plaintiff repeats, reiterates, and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

6.2    Defendant Cavalry's debt collection efforts attempted and/or directed towards Plaintiff violated 15 U.S.C. §§ 1692e and 1692f of the FDCPA.

COMPLAINT - 6

6.3    15 U.S.C. § 1692e states that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

6.4    15 U.S.C. § 1692f states that a debt collector may not use any unfair or unconscionable means to collect a debt.

6.5    Defendant Cavalry's removal of meaningful information from the exemption claim form is unfair, unconscionable, and violates 15 U.S.C. § 1692f.

6.6    By reason thereof, Defendant Cavalry is liable to Plaintiff for judgment that Defendant Cavalry's conduct violated 15 U.S.C. §§ 1692e and 1692f of the FDCPA, actual damages, statutory damages, costs and attorney's fees.

## VII. REQUEST FOR PRESERVATION OF EVIDENCE

7.1    Preserve all forms of electronic data, regardless of where the data exists, without modification to or deletion of any potentially discoverable data;

7.2    Suspend all procedures that may alter or delete computer data;

7.3    Prevent deleting, overwriting, defragmenting, or compressing the data;

7.4    Preserve all archived back-up tapes and ensure that (a) if archive tapes are rotated, the relevant tapes are removed from the rotation; and (b) if backups are made to hard drives, preserve the hard drive as well;

COMPLAINT - 7

7.5    Preserve the contents of all hard drives, network drives, tape drives, optical drives, floppy disks, CD and DVD drives, and all other types of drives or media that are within the possession, custody, or control of all people who have knowledge of relevant facts and those who work with them, such as assistants;

7.6    Preserve the contents of all information on portable computers—such as laptops, palmtops, or tablets—used by those people, as well as home computers, if these are used for work purposes;

7.7    Preserve the contents of all data on computers that were used since the limitations period on the lawsuit began (for example; five years prior to filing) but that are no longer in use; and

7.8    Disclose electronic information in the Rule 26 initial disclosures.

## VIII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant Cavalry as follows:

8.1    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) of $1,000.00;

8.2    Awarding Plaintiff actual damages sustained under the FDCPA;

8.3    Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

COMPLAINT - 8

8.4    Declaratory judgment that Defendant Cavalry's practices complained of herein violate the FDCPA;

8.5    Injunctive relief permanently enjoining Defendant Cavalry's practices complained of herein; and

8.6    Such other and further relief as the Court may deem just and proper.

DATED this 31st day of May, 2019.

Kirk D. Miller, P.S.

/s Kirk D. Miller
Kirk D. Miller, WSBA No. 40025
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
kmiller@millerlawspokane.com
*Attorney for Plaintiff*


Cameron Sutherland, PLLC

/s Shayne J. Sutherland
Shayne Sutherland, WSBA No. 44593
Brian G. Cameron, WSBA No. 44905
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
kmiller@millerlawspokane.com
bcameron@cameronsutherland.com
ssutherland@cameronsutherland.com
*Attorneys for Plaintiff*

COMPLAINT - 9